IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA,

        v.

LATEEF FISHER,

        DEFENDANT.

CRIMINAL NO.: RDB-14-413

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

In this case, Defendant Lateef Fisher is charged with (1) conspiracy to distribute and possess with intent to distribute one kilogram or more of heroin and twenty-eight grams of cocaine; and (2) possession of eight separate firearms in furtherance of a drug-trafficking crime. The Defendant filed several pre-trial motions, only two of which remain pending at this time: Defendant's Motion to Suppress Cell Phone and Derivative Evidence (ECF No. 40); and Defendant's Correspondence re: Motion Challenging Wiretap (ECF No. 41).[1] The parties' submissions have been reviewed, and this Court held a hearing on April 20, 2015. For the reasons that follow, Defendant's Motion to Suppress Cell Phone and Derivative Evidence (ECF No. 40) is DENIED, and Defendant's Correspondence re: Motion Challenging Wiretap (ECF No. 41) is DENIED.

## BACKGROUND

---

[1] In his letter, Fisher refers to a previous Motion to Suppress (ECF No. 26) several pieces of evidence, including evidence obtained from the wiretaps authorized by Judge Hollander of this Court. In the earlier Motion, Defendant challenged only the authorization of the wiretap, and not the probable cause for the real-time GPS location data. Mot. to Suppress Evidence, at 3-4. In a Motions Hearing on April 10, 2015, this Court denied the Defendant's Motion to Suppress the evidence obtained from the wiretaps in question. *See* Order, ECF No. 44. The pending letter motion, however, refers only to the probable cause for use of the GPS location data. *See* Correspondence re: Mot. Challenging Wiretap, ECF No. 41.

Defendant Lateef Fisher is charged with conspiracy to distribute and possess with intent to distribute one kilogram or more of heroin and twenty-eight grams or more of cocaine, in violation of 28 U.S.C. § 846 (Count One); and possession of eight separate firearms in furtherance of the drug-trafficking conspiracy alleged in Count One (Count Two). The charges stem from surveillance of the Defendant by law enforcement from in or about April 2013 until in or about September 2014. The following facts concerning the pending motions are not in dispute.

### I.     February 2014 Seizure of Cell Phones

On February 17, 2014, a confidential informant placed a telephone call to Mr. Fisher. Resp. in Opp. to Def.'s Mots. to Suppress, 2, ECF No. 45. With the consent of the informant, law enforcement listened to the call as the informant arranged to purchase heroin from the Defendant on February 19, 2014. *Id.* On that day, the confidential informant communicated back and forth with the Defendant to determine the location of the meeting. *Id.* The parties agreed to meet at a store in Hagerstown, Maryland. *Id.* Law enforcement watched as the Defendant arrived at the meeting in a 2007 Infiniti, and then approached the vehicle. *Id.*, at 2-3.

After identifying themselves as police officers, Mr. Fisher allegedly reached for the gear shift of the vehicle. *Id.*, at 3. The officers then removed the Defendant from the vehicle, and placed him under arrest pursuant to an outstanding state arrest warrant. *Id.* A search of the Defendant's person and the vehicle revealed nearly $1,000 in cash, two cell phones, and twenty-five individually-packaged bags of a substance later determined to be heroin. *Id.*, at 3, 4-5. Following the arrest, Agent Jay Mills of the Washington County Narcotics Task Force

obtained search warrants from the Circuit Court for Washington County for the cell phones. *See* Def.'s Mot. to Suppress Exs. 1A, 2A, ECF Nos. 40-3, 40-4.

## II. Title III Wiretap Order and Federal Rule of Criminal Procedure 41 Location Order

On July 10, 2014, United States District Judge Ellen L. Hollander issued an order to authorize: (1) the interception of electronic and wire communications over Mr. Fisher's telephone for thirty days; and (2) the collection and disclosure of real-time GPS location data for thirty days, pursuant to Rule 41 of the Federal Rules of Criminal Procedure. *See* Consolidated Resp. to Def.'s Pre-Trial Mots. Exs. 3a-d, ECF Nos. 36-7, 36-8, 36-9, and 36-10. Judge Hollander then extended the July 10 order for an additional thirty days as to both the wiretap and the GPS data collection. *See* Consolidated Resp. to Def.'s Pre-Trial Mots. Exs. 4a-d, ECF Nos. 36-11, 36-12, 36-13, and 36-14. Under the authority of these orders, the Government intercepted numerous phone calls between the Defendant and individuals looking to purchase drugs. Resp. in Opp. to Def.'s Mots. to Suppress, at 3. Federal agents also observed Mr. Fisher as he conducted in-person meetings with individuals in public locations. *Id.* On the basis of the information gleaned from the wiretap and GPS location data, as well as the surveillance of the in-person meetings, the Government alleges that the "meetings were the consummation of the drug deals[.]" *Id.*, at 4. During these meetings, the Government alleges that Mr. Fisher sold over 700 grams of heroin. *Id.*

## ANALYSIS

## I. Motion to Suppress Defendant's Cell Phones and Derivative Evidence (ECF No. 41)

In moving to suppress the two cell phones at issue, as well as any and all derivative evidence, Defendant argues that the Government searched the cell phones in violation of the Fourth Amendment's protections against unreasonable search and seizure. U.S. Const. amend. IV; Def.'s Mot. to Suppress, at 1. The Government took possession of the cell phones during the arrest of Mr. Fisher pursuant to an outstanding state warrant on February 19, 2014. Thereafter, the Government obtained search warrants to examine the content of the Defendant's cell phones, respectively. *See* Def.'s Mot. to Suppress Exs. 1A, 2A. Mr. Fisher challenges the adequacy of the search warrants on two grounds. First, he contends that the warrant applications contain no facts supporting a finding of probable cause that contraband or any other evidence of criminal activity would be found on the cell phones.[2] Def.'s Mot. to Suppress, at 2. Second, he argues that the warrant applications lack any showing of a nexus between his alleged criminal activities and the two cell phones. *Id.* Each argument will be discussed in turn.

Defendant first challenges whether there was sufficient probable cause for the issuance of a warrant. In assessing probable cause, this Court must afford great deference to the initial judicial officer's determination. *United States v. Henry*, 673 F.3d 285, 289-90 (4th Cir. 2012). This Court reviews the known facts and circumstances and determines whether, based upon a common sense determination, there is a fair probability that evidence of a crime will be found. *See, e.g.*, *United States v. Wellman*, 663 F.3d 224, 228 (4th Cir. 2011). The affidavits supporting both warrants set forth the facts surrounding the arrest of Mr. Fisher,

---

[2] Defendant challenges only the adequacy of the search warrants, rather than the initial seizure of the cell phones. As the United States Supreme Court explained in *Riley v. California*, 134 S. Ct. 2473 (2014), law enforcement officers must obtain a warrant before searching the contents of an arrestee's cell phone. In this case, Agent Mills duly sought the requisite warrants.

4

as well as the discovery of nearly $1,000 in cash and twenty-five individually-packaged bags of a substance that was later identified as heroin. Def.'s Mot. to Suppress Exs. 1A, 2A. The affiant, Agent Mills, also explained that, through his law enforcement training, knowledge, and experience with the drug trade, drug traffickers often communicate about their business through cell phones. *Id.* As this Court explained in *United States v. Herevia*, RDB-13-639, 2014 WL 4784321, *8 (D. Md. Sept. 23, 2014), sufficient probable cause exists to search a cell phone that was recovered from a car in which drugs were also found. *See also United States v. Eiland*, CRIM.04-379(RCL), 2006 WL 516743, *12 (D.D.C. March 2, 2006). Moreover, the Defendant has provided no specific case law (other than citations for basic and generic principles) to support his position. In light of the totality of the circumstances and the case law in support, this Court finds that there was probable cause to support the issuance of the warrants.

Second, Defendant contends that the warrant applications demonstrate no nexus between his alleged criminal conduct and the cell phones. Some nexus must exist between a defendant's criminal activities and the item to be searched, but that nexus may be shown by "the nature of the item and the normal inferences of where one would likely keep such evidence." *United States v. Anderson*, 851 F.2d 727, 729 (4th Cir. 1988). Cell phones, however, are acknowledged tools of drug-traffickers. *See United States v. Gibson*, 547 F. App'x 174, 185 n.1 (4th Cir. 2013) (Davis, J., concurring in part and concurring in the judgment) (recognizing the frequent use of cell phones in the drug trade)[3]; *United States v. Slater*, 971 F.2d 626, 637 (10th Cir. 1992) (explaining that a cellular phone is "a recognized tool of the

---

[3] Judge Davis wrote separately only to question his colleagues' conclusion that search warrants are not required for cell phones seized incident to a valid arrest. *Gibson*, 547 F. App'x at 185. As the Supreme Court explained in *Riley*, 134 S. Ct. at 2473, search warrants are, in fact, required.

5

trade in drug dealing"). Given the facts presented in the affidavits, especially the presence of twenty-five individually-packaged heroin bags, a sufficient nexus between Defendant's alleged criminal conduct and the cell phones existed. Accordingly, Defendant's Motion to Suppress Cell Phones and Derivative Evidence (ECF No. 40) is DENIED.

## II.     Motion to Suppress GPS Location Data (ECF No. 41)

As in the prior Motion, Defendant moves to suppress real-time GPS location data, as well as all evidence obtained from that data, arguing that the wiretap authorizations contain neither probable cause nor particularity with respect to the disclosure of the GPS data. Correspondence re: Mot. Challenging Wiretap, at 1. Essentially, Mr. Fisher contends that Judge Hollander, in authorizing Title III interceptions of wire and electronic communications, neglected to determine whether probable cause existed as to the use of the GPS information.[4] Yet, the record of Judge Hollander's authorization orders indicates otherwise.

As Justice Sotomayor acknowledges in *United States v. Jones*, __ U.S. __, 132 S. Ct. 945, 955-56 (2012) (Sotomayor, J., concurring), the use of evolving technology like GPS monitoring challenges traditional notions of privacy under the Fourth Amendment. In *Jones*, the Supreme Court expanded the *United States v. Katz*, 389 U.S. 347 (1967) "reasonable expectation of privacy" doctrine to hold that the physical placement of a GPS unit on the defendant's vehicle, without a warrant, constituted an unreasonable search within the Fourth

---

[4] As the Government explains in its Response in Opposition to Defendant's Motions to Suppress, it is "common in this district and in other districts . . . [to] request[] in the same application an order authorizing a Title III wiretap and an order authorizing the collection of real-time GPS location information." Resp. in Opp. to Def.'s Mots. to Suppress, at 7; *see also United States v. Barajas*, 710 F.3d 1102, 1109 (10th Cir. 2013) (explaining that the Fourth Amendment does not prevent considering the same proffered set of facts to determine probable cause for a wiretap and GPS data).

Amendment. *Id.*, at 949. Although the Supreme Court did not consider whether warrants are required for *all* GPS monitoring, the United States Court of Appeals for the Third Circuit recently "caution[ed] that, after *Jones*, law enforcement should carefully consider that a warrant may be required when engaging in such installation and surveillance." *United States v. Katzin*, 769 F.3d 163, 170 (3d Cir. 2014). A warrant for real-time GPS location data need not identify precisely the location to be searched when the purpose of the warrant is to discover that location. *United States v. Karo*, 468 U.S. 705, 718 (1984). So long as the "object into which the [tracking device] is to be placed, the circumstances that led agents to wish to install the [device], and the length of time" of the surveillance is provided, then the Fourth Amendment is satisfied. *Id.*

In this case, the Government's applications for the Title III wiretap and collection of GPS data clearly state that authorization for both purposes was sought. Consolidated Resp. to Def.'s Pre-Trial Mots. Ex. 3a, 9, ECF No. 36-7 ("IT IS FURTHER REQUESTED . . . that the Court issue an Order authorizing agents of the Agencies to ascertain the physical location of the Target Telephone #1 . . ."); Consolidated Resp. to Def.'s Pre-Trial Mots. Ex. 4a, 9, ECF No. 36-11. The applications also noted that detailed affidavits to support a finding of probable cause for the collection of the GPS data were attached as separate exhibits. *Id.* Each of the detailed and lengthy supporting affidavits explained how law enforcement had determined that the Defendant carried the telephone in question when participating in the alleged drug distribution. *See id.* Even further, Judge Hollander specifically authorized the collection of GPS data for a thirty-day period, and then granted the Government's request to extend the period of intercept for an additional thirty days.

Consolidated Resp. to Def.'s Pre-Trial Mots. Exs. 3c, 4b, ECF Nos. 36-9, 36-12. As explained above, this Court affords great deference to Judge Hollander's determination of probable cause. *Henry*, 673 F.3d at 289-90.

Moreover, the orders authorizing collection of GPS location data are sufficiently particular to satisfy the protections of the Fourth Amendment. As previously explained, the Government clearly presented the facts supporting its application for GPS data collection in the accompanying affidavits. Furthermore, it also provided the cellular number to be tracked and set a strict interception period of thirty days. *See, e.g.*, Consolidated Resp. to Def.'s Pre-Trial Mots. Ex. 3c, at 6. The warrants in question thus are sufficiently particular under the Fourth Amendment. The GPS location data thus will not be suppressed, and Defendant's Correspondence re: Motion Challenging Wiretap (ECF No. 41) is DENIED.

## CONCLUSION

For the reasons stated above, Defendant's Motion to Suppress Cell Phones and Derivative Evidence (ECF No. 40) and Defendant's Correspondence re: Motion Challenging Wiretap (ECF No. 41) are DENIED.

A separate order follows.

Dated: April 22, 2015                _____/s/_____
                                              Richard D. Bennett
                                              United States District Judge