IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA, *

v. *

Criminal Action No. RDB-14-0413

LATEEF FISHER, *

*Defendant*, *

* * * * * * * * * * * * *

**MEMORANDUM ORDER**

Presently pending before this Court is Defendant Lateef Fisher's Motion to Object and Reduce the Government's Substitute Forfeiture Money Judgment and Return Excess Forfeiture Funds and Property (ECF No. 201) ("Defendant's Motion" or "Motion to Amend Judgment"). The Government has responded in Opposition (ECF No. 203), and Defendant has replied (ECF No. 204). The parties' submissions have been reviewed, and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2025). For the reasons that follow, Defendant's Motion to Amend Judgment (ECF No. 201) is DENIED.

**BACKGROUND**

**I. Mr. Fisher's Conviction and Sentence**

On November 6, 2014, a federal grand jury returned the operative two-Count Second Superseding Indictment, charging Mr. Fisher with (1) conspiracy to distribute and possession with intent to distribute one kilogram or more of heroin and 28 grams or more of cocaine base, in violation of 21 U.S.C. § 846 (Count I); and (2) possession of a firearm in furtherance of a drug-trafficking crime, with aiding and abetting as to the same, in violation of 18 U.S.C.

§§ 924(c), 2 (Count II).[1] (ECF No. 23.) Following a seven-day trial, a jury found Mr. Fisher guilty of conspiracy to distribute and possession with intent to distribute one kilogram or more of heroin and 28 grams or more of cocaine base, in violation of 21 U.S.C. § 846, as charged in Count I of the Superseding Indictment.[2] (ECF No. 78 at 1.) On August 5, 2015, this Court sentenced Mr. Fisher to 156 months' imprisonment, followed by five years of supervised release, (ECF No. 98); (ECF No. 115 (Amended Judgment)), and entered issued a Preliminary Order of Forfeiture (ECF No. 97). Mr. Fisher promptly appealed his conviction and sentence. (ECF No. 93.)

A forfeiture hearing was held on September 2, 2015. (ECF No. 112.) Following that forfeiture hearing, this Court entered a First Amended Preliminary Order of Forfeiture (ECF No. 116). In that Order, this Court identified the following property as subject to forfeiture:

1. $40,408.00 in currency, seized on September 5, 2014, from 1547 Paulmark Avenue, Greencastle, Pennsylvania;
2. $208,940.00 in currency, seized on September 5, 2014, from Defendant's storage unit at Greencastle Self-Storage at 137 Commerce Avenue, Greencastle, Pennsylvania;[3]
3. A 2007 Infiniti G35x VIN JNKBV61F27M822607; MD TAG: 6BG6713.

(*Id.* at 2.) On September 8, 2015, Mr. Fisher filed a *pro se* Notice of Appeal (ECF No. 117) as to the judgment imposed at the forfeiture hearing. The Fourth Circuit consolidated this appeal

---

[1] Federal grand juries sitting in Baltimore had previously returned indictments against Mr. Fisher on September 4, 2014, and October 23, 2014, respectively. *See* (ECF Nos. 1, 18).

[2] During trial, this Court granted Mr. Fisher's Oral Motion for Judgment of Acquittal as to the firearms charge in Count II. *See* (ECF No. 144 at 139 (Transcript)).

[3] This First Amended Preliminary Order of Forfeiture (ECF No. 116) also included a 2009 Nissan Altima VIN 1N4AL21E19C160343; MD TAG: 1EZ201 and a 2007 Infiniti G35x VIN JNKBV61F27M822607; MD TAG: 6BG6713, neither of which is at issue here. (*Id.* at 2.) The Nissan Altima was later excluded pursuant to the Government's motion (ECF No. 161) and returned to Frances Lockley. *See* (ECF No. 162.) A Final Order of Forfeiture as to the 2007 Infiniti was entered on April 26, 2018. (ECF No. 173.)

of forfeiture with Mr. Fisher's earlier appeal of his conviction and sentence. (ECF No. 120.) On October 7, 2016, the Fourth Circuit affirmed both judgments. (ECF No. 149.)

While Mr. Fisher's appeals were pending, the parties continued to litigate forfeiture. Several third parties raised claims as to forfeiture property identified in the preliminary forfeiture orders. Relevant here, on October 15, 2015, via a letter from Defendant, Hai'Nopoly Entertainment LLC ("Hai'Nopoly"), filed a claim for return of $208,940.00 in currency listed in the First Amended Preliminary Order of Forfeiture. *See* (ECF No. 128). Thereafter, the Government moved to amend the Preliminary Order of Forfeiture to include as an additional substitute asset Mr. Fisher's interest in Hai'Nopoly. (ECF No. 135.) After the Fourth Circuit issued its Judgment (ECF No. 149) as to Mr. Fisher's appeals, this Court granted the Government's Motion to Amend (ECF No. 135) and entered a Second Amended Preliminary Order of Forfeiture (ECF No. 152) to include Defendant's interest in Hai'Nopoly. This Court then dismissed Hai'Nopoly's Third-Party Claim to the $208,940.00 in currency. (*Id.*)

## II. Mr. Fisher's Motion to Reduce Forfeiture (ECF No. 201)

On February 24, 2026, Defendant filed the pending Motion to Object and Reduce the Government's Substitute Forfeiture Money Judgment and Return Excess Forfeiture Funds and Property (ECF No. 201) ("Defendant's Motion" or "Motion to Amend Judgment").[4] In his Motion, Mr. Fisher challenges the forfeiture judgment as to various sums of currency and

---

[4] Mr. Fisher asserts that his Motion was filed pursuant to Federal Rule of Criminal Procedure 32.2(e), 21 U.S.C. § 853(p), and the Eighth Amendment to the U.S. Constitution. *See* (ECF No. 201 at 1). As explained below, however, preliminary orders of forfeiture as to a defendant become part of the final judgment at sentencing such that this Court construes Mr. Fisher's motion as a Motion to Amend Judgment. *See* Fed. R. Crim. P. 32.2(b)(4).

his interest in Hai'Nopoly. *See generally* (*id.*). Specifically, he argues that the Government (1) improperly relied on conjecture as to the amount of money; (2) included sums not based on "proceeds obtained" from drug sales; and (3) failed to show that Hai'Nopoly had the value required to subject it to forfeiture. (*Id.* at 2, 8.) The Government has responded in Opposition (ECF No. 203), arguing primarily that this Court lacks jurisdiction because forfeiture became final at the time of Mr. Fisher's sentencing. (*Id.* at 1–4.) In Reply (ECF No. 204), Mr. Fisher contends that the Second Amended Preliminary Order of Forfeiture (ECF No. 152)—which added his interest in Hai'Nopoly—was unsupported because forfeiture became final as of his 2015 sentence. (ECF No. 204 at 3–4.) This matter is now ripe for review.

## STANDARD OF REVIEW

As Defendant has filed his Motion *pro se*, his Motion will be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted).

## ANALYSIS

Mr. Fisher challenges the amount of the Government's estimated money judgment based on his arguments that the Government improperly (1) relied on conjecture as to the amount of money; and (2) included sums not based on "proceeds obtained" from drug sales. (*Id.* at 2.) Separately, he challenges the forfeiture of his interest in Hai'Nopoly. (*Id.* at 8); *see also* (ECF No. 204). In Opposition (ECF No. 203), the Government argues that this Court lacks jurisdiction to alter forfeiture as to Mr. Fisher because the forfeiture order is incorporated into his sentence, which has become final in this case. As explained below, Mr. Fisher's challenge to the order of forfeiture is procedurally defaulted.

Pursuant to 21 U.S.C. § 853, "[a]ny person convicted of a" qualifying criminal violation "punishable by imprisonment for more than one year shall forfeit to the United States, irrespective of any provision of State law . . . any property constituting, or derived from, any proceeds the person obtained, directly or indirectly, as the result of such violation." *Id.* § 853(a). As the Supreme Court has explained, forfeiture pursuant to § 853 "is an element of the sentence imposed for a violation of certain drug and racketeering laws." *Libretti v. United States*, 516 U.S. 29, 41 (1995). Federal Rule Criminal Procedure 32.2(b)(4)(A) provides that "the preliminary forfeiture order becomes final as to the defendant" at the time of sentencing. *See also United States v. Spirito*, 36 F.4th 191, 212–13 (4th Cir. 2022) (citing Fed. R. Crim. P. 32.2(b)(4)). A criminal defendant's interest in forfeited assets terminates upon sentencing. *See United States v. Pate*, 2016 WL 11474077, at *2 (E.D. Tex. June 30, 2016) (collecting cases).

As the U.S. Court of Appeals for the Fourth Circuit has explained, "[a] criminal conviction becomes final at the end of the appellate process—i.e., when the time for a direct appeal expires and the defendant has not noticed an appeal or, if the defendant pursues an appeal, when the time for filing a petition for certiorari expires." *United States v. Oliver*, 878 F.3d 120, 125 (4th Cir. 2017) (citing *United v. Sanders*, 247 F.3d 149, 142 (4th Cir. 2001)). Pursuant to Federal Rule Appellate Procedure 41, federal appellate courts must issue a mandate "7 days after the time to file a petition for rehearing expires, or 7 days after entry of an order denying a timely petition for panel rehearing, petition for rehearing en banc, or motion for stay of mandate, whichever is later." Fed. R. App. P. 41(b). Thus, the issuance of a mandate signifies that a federal appellate court's ruling has become final and, "[f]ew legal precepts are as firmly established as the doctrine that the mandate of a higher court is

controlling as to matters within its compass." *United States v. Williams*, 162 F. App'x 254, 256 (4th Cir. 2006) (quoting *United States v. Bell*, 5 F.3d 64, 66 (4th Cir. 1993)); *see also United States v. Hartwell*, 448 F.3d 707, 712 (4th Cir. 2006) ("A judgment in a criminal case becomes final after conviction and imposition of sentence." (citing *United States v. Bundy*, 392 F.3d 641, 644 n.1 (4th Cir. 2004))).

Once a criminal judgment, including an order of forfeiture, becomes final, district courts may modify that judgment only pursuant to narrow exceptions. Under 18 U.S.C. § 3582(c) or 28 U.S.C. § 2255, for example, a district court may modify a term of imprisonment pursuant to specific requirements. Relatedly, under Federal Rule Criminal Procedure 35, "[w]ithin 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error," Fed. R. Crim. P. 35(a), or it "[u]pon the government's motion . . . the court may reduce a sentence" for the defendant's substantial assistance, *id.* 35(b). Outside of these limited exceptions, however, a district court lacks authority to modify a sentence, including forfeiture, that has become final. For this reason, courts have repeatedly held that a defendant cannot challenge forfeiture once his sentence has become final. *See, e.g.*, *United States v. Pelullo*, 178 F.3d 196, 202 (3d Cir. 1999) (concluding defendant's interest in forfeited assets terminated at sentencing); *United States v. Christmas*, 126 F.3d 765, 767–69 (6th Cir. 1997) (holding defendant waived right to challenge forfeiture by failing to timely appeal it); *United States v. Bennett*, 147 F.3d 912, 913–15 (9th Cir. 1998) (holding court lacked jurisdiction to rule on defendant's challenge to forfeiture after final judgment).

In this case, as detailed above, Mr. Fisher appealed both his "judgment and sentence imposed . . . as set forth in open court on August 5, 2015," (ECF No. 93), and "the judgment

imposed by this Court on the Forfeiture Hearing," (ECF No. 117). The Fourth Circuit consolidated those appeals and, on October 7, 2016, affirmed "the judgments of the district court . . . ." (ECF No. 149 at 2, 3–11.) The Mandate (ECF No. 154) of that Judgment issued on October 31, 2016. Accordingly, Mr. Fisher's sentence, including forfeiture, became final at the latest on October 31, 2016, nearly ten years before he filed the instant Motion to Amend Judgment (ECF No. 201) as to forfeiture.[5] The Fourth Circuit implicitly affirmed the forfeiture in its Judgment affirming this Court's judgments, and this Court cannot now consider Mr. Fisher's objections and requests to alter forfeiture. Accordingly, Mr. Fisher's Motion (ECF No. 201) must be DENIED as procedurally defaulted.[6]

---

[5] To the extent that Mr. Fisher argues that the forfeiture issues are not final because the Court continued to rule on third-party forfeiture issues after his sentencing, Federal Rule of Criminal Procedure 32.2(b)(3) provides that "the order of forfeiture becomes final *as to the defendant*" at the time of sentencing, but "the court is not required to issue a separate final order of forfeiture at that time." *See United States v. Zorrilla-Echevarria*, 671 F.3d 1, 10 n.12 (1st Cir. 2011) (explaining court is not required to issue separate final order of forfeiture as to defendant at time of sentencing). As the Third Circuit has recognized, there is a distinction between forfeiture as to a criminal defendant and "a second kind of 'final order of forfeiture,'" which "may involve ancillary proceedings in which the rights of third parties to the forfeited property are adjudicated." *United States v. Bennett*, 423 F.3d 271, 275 n.1 (3d Cir. 2005). Thus, third-party challenges to forfeiture do not affect finality of the forfeiture as to Mr. Fisher.

[6] This Court does not construe Mr. Fisher's motion under 28 U.S.C. § 2255 "because forfeiture is noncustodial in nature, and a § 2255 motion may only be directed at the custodial portion of a sentence." *Bundy v. United States*, Crim. No. JKB-08-0226, Civ. No. JKB-14-0221, 2018 WL 3458312, at *4 (D. Md. July 18, 2018) (citing *United States v. Fabian*, 798 F. Supp. 2d 647, 684–85 (D. Md. 2011) (collecting cases)). Moreover, even if a challenge to forfeiture were appropriate via a § 2255 motion, Mr. Fisher has already filed a § 2255 Motion in which he did not challenge forfeiture. *See* (ECF No. 174). This Court denied that § 2255 Motion on September 20, 2019, *see* (ECF Nos. 193, 194), and the U.S. Court of Appeals dismissed his appeal of that denial on December 14, 2020, (ECF No. 199-1).

**CONCLUSION**

For the reasons stated above, it is hereby ORDERED this 19th day of August, 2026, that: Defendant's Motion to Object and Reduce the Government's Substitute Forfeiture Money Judgment and Return Excess Forfeiture Funds and Property (ECF No. 201) is DENIED.

Richard D. Bennett
United States Senior District Judge

Date: August 19, 2026